John E. Hill, State Bar #45338
johnhill@hill-law-offices.com
Enrique Martínez, State Bar #206884
enriquemartinez@hill-law-offices.com
LAW OFFICES OF JOHN E. HILL
333 Hegenberger Road, Ste. 500
Oakland, CA 94621
Telephone:  (510) 588-1000
Facsimile: (510) 632-1445

*Attorneys for Plaintiffs & Putative Class*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| VICTOR RODRIGUEZ, ESTREBERTO VALDEZ, MIGUEL ESPARZA, and FRANCISCO BANDA, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>M.J. BROTHERS, INC., a California Corporation; EDUARDO MARTIN; DANIEL MARTIN; FERNANDO MARTIN; and RONALD MARTIN,<br><br>        Defendants. | Case No.:<br><br>**CLASS AND COLLECTIVE ACTION**<br><br>**COMPLAINT FOR:**<br><br>1.   **FAILURE TO PAY OVERTIME WAGES (FLSA, 29 U.S.C. §§ 201, *et seq.*);**<br>2.   **FAILURE TO PROVIDE MEAL AND REST PERIODS (CA LABOR CODE § 226.7 and IWC Wage Orders);**<br>3.   **FAILURE TO FURNISH ACCURATE WAGE STATEMENT (CA LABOR CODE §226);**<br>4.   **FAILURE TO PAY FOR REPORTING TIME VIOLATIONS (IWC Wage Orders 4, 9, and 14)**<br>5.   **WAITING TIME PENALTIES (CA LABOR CODE § 203);**<br>6.   **UNFAIR BUSINESS PRACTICES (CA BUS. & PROF CODE § 17200, *et seq.*); and**<br>7.   **CIVIL PENALTIES FOR VIOLATIONS OF CA LABOR CODE (PAGA, Labor Code § 2699)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Victor Rodriguez, Estreberto Valdez, Miguel Esparza, and Francisco Banda, on behalf of themselves, the general public, and all others similarly situated ("Plaintiffs") allege and complain against Defendants M. J. Brothers, Inc. ("MJ Brothers"), Eduardo Martin, Daniel Martin, Fernando Martin, and Ronald Martin ("Individual Defendants") (collectively "Defendants"), as follows:

## INTRODUCTION

1.    This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 – 219 (hereinafter "FLSA") and a class action brought pursuant to Federal Rule of Civil Procedure 23 to recover unpaid overtime compensation owed to Plaintiffs and similarly situated employees under the FLSA.  Plaintiffs also allege that Defendants routinely violated the California Labor Code and Industrial Welfare Commission (IWC) Wage Orders by: failing to provide adequate meal periods and rest breaks; failing to provide accurate wage statements; failing to reimburse workers for work-related expenses; and failing to pay reporting time wages.  On behalf of themselves and the putative Classes, Plaintiffs seek unpaid wages, damages, restitution, and other relief for themselves individually, and on behalf other aggrieved former and current employees.

2.    Although most of Defendants' operations are nonagricultural, Defendants classified all of their employees as agricultural workers and illegally exempted some of them from overtime pay for hours worked over 40 hours per week in violation of the FLSA.  Plaintiffs also allege that Defendants' employment practices in violation of the California Labor Code are unlawful, unfair, and contrary to the public policies of the State of California.  By engaging in the conduct alleged herein, Defendants have violated, and continue to violate, the FLSA and Labor Code sections enumerated below and have engaged in, and continue to engage in, unfair and unlawful business practices in violation of Business and Professions Code sections 17200, *et seq.*, causing injury to Plaintiffs and the putative Class.

## JURISDICTION & VENUE

3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337

---

CLASS AND COLLECTIVE ACTION COMPLAINT

based on Plaintiffs' claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

4.    This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1362 to hear and determine Plaintiffs' state law claims because those claims are related to Plaintiffs' federal law claims and arise out of a common nucleus of related facts.  Plaintiffs' state law claims are related to Plaintiffs' federal law claims such that those claims form part of the same case or controversy under Article III of the United States Constitution.

5.    Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b)(2) in that the unlawful conduct that gives rise to these claims occurred within the Eastern District of California.  The Fresno Division is the proper division in that the real property that is the subject of this action is located in Tulare County, California.

## THE PARTIES

6.    At all relevant times, Plaintiffs have resided in the State of California and are or were employees of Defendants.  Plaintiffs have worked for Defendants within California as hourly, non-exempt employees, within the four years preceding the filing of this action.

7.    Plaintiff Victor Rodriguez is a resident of Woodlake, California and was employed by Defendants as a truck driver from approximately May 2008 to May 2016.

8.    Plaintiff Estreberto Valdez is a resident of Dinuba, California and was employed by Defendants as a truck driver from approximately 2010 to May 2016.

9.    Plaintiff Miguel Esparza is a resident of Tipton, California and was employed by Defendants as an operator and shop worker from approximately 2008 to December 2016.

10.    Plaintiff Francisco Banda is a resident of Hanford, California and was employed by Defendants as a truck driver and shop worker for over 15 years until May 2017.

11.    Plaintiffs are informed and believe and thereon allege that Defendant M. J. Brothers, Inc. is, and at all times mentioned in this complaint, has been a California company doing business in Tulare County, State of California.  The principal place of business of M. J. Brothers, Inc. is 23121 Road 48, Tulare, California, 93274.

12.    Upon information and belief, Defendant Eduardo Martin is a co-owner and

manager/agent of MJ Brothers, residing and doing business in Tulare County and other counties throughout California.

13.     Upon information and belief, Defendant Daniel Martin is a co-owner and manager/agent of MJ Brothers, residing and doing business in Tulare County and other counties throughout California.

14.     Upon information and belief, Defendant Fernando Martin is a co-owner and manager/agent of MJ Brothers, residing and doing business in Tulare County and other counties throughout California.

15.     Upon information and belief, Defendant Ronald Martin is a co-owner and manager/agent of MJ Brothers, residing and doing business in Tulare County and other counties throughout California.

16.     Plaintiffs are informed, believe, and thereon allege that each of the Defendants herein was, at all times relevant to this action, the agent, employee, representing partner, and/or joint venturer of the remaining Defendants and was acting within the course and scope of the relationship.  Plaintiffs are further informed, believe, and thereon allege, that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

**FACTUAL BACKGROUND**

17.     MJ Brothers, owned and managed in its day-to-day operations and wage and hour practices by the Individual Defendants (Eduardo Martin, Daniel Martin, Fernando Martin, and Ronald Martin), operates (upon information and belief) exclusively in California.  The company provides machinery and personnel to client dairies at their premises to harvest, transport, and weigh wheat and corn that is used as animal feed.

18.     The Individual Defendants regularly visit and oversee operations at the company's shop and at numerous customer sites where Plaintiffs and similarly situated employees work.  They also make decisions regarding scheduling, working conditions, hiring and termination decisions.  Upon information and belief, they also handle administration of many of the company's affairs, including, upon information and belief, exercising control over the wages, hours or working

conditions.

19.     Defendants employ four groups of workers: (i) shop workers at Defendants' shop who service trucks and service and clean agricultural equipment, including choppers ("shop workers"); (ii) farm equipment operators who work at the fields harvesting ("operators"); (iii) truck drivers who transport wheat and corn from the field to the dairy ("truck drivers"); and, (iv) weighers who weigh the wheat and corn for purposes of billing MJ Brothers' clients ("weighers").

20.     MJ Brothers has a team of shop workers who service trucks and also service and clean agricultural equipment, including choppers and swathers at Defendants' shop. Defendants pay them at an overtime rate only after having worked more than 10 hours per day or sixty (60) hours per week. They are not provided with a second meal period after having worked more than ten (10) hours per day. Until recently, shop workers were not provided with rest periods.

21.     The operators handle farm machinery such as dozers and choppers to harvest corn or wheat at MJ Brothers' clients' fields. Although they typically work more than twelve (12) hours per day, operators were not provided with meal and rest periods until recently and had to eat while operating their vehicles.

22.     Truck drivers transport the wheat and corn from MJ Brothers' clients' fields to their dairies. Defendants pay them at an overtime rate after having worked more than 10 hours per day or sixty (60) hours per week. Until recently, truck drivers were not provided with meal and rest periods. They typically worked more than twelve hours per day and had to eat while driving to make their deliveries. Although truck drivers must sometimes report to work on days in which they are either not selected for a shift or work less than four (4) hours, they are not compensated for all their reporting time.

23.     Weighers are located at MJ Brothers' clients' premises and weigh and record the wheat and corn brought by truck drivers. Defendants pay weighers at an overtime rate only after having worked more than 10 hours per day or sixty (60) hours per week. Although they typically work more than twelve (12) hours per day, until recently, weighers were not provided with meal and rest periods and had to eat while performing their work. Although weighers must sometimes report

to work on days in which they are either not selected for a shift or work less than four (4) hours,
they are not compensated for all their reporting time.

## COLLECTIVE ACTION ALLEGATIONS

24.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs seek to prosecute their FLSA claims as a
collective action on behalf of all persons who are or were employed as shop workers, truck drivers
and weighers by Defendants in California at any time three years prior to the filing of this
Complaint, to the final disposition of this case ("Collective Action Members").

25.     There are numerous similarly situated current and former Collective Action Members
throughout California who would benefit from the issuance of a Court-supervised notice of the
instant lawsuit and the opportunity to join the instant lawsuit.  Those similarly situated employees
are known to Defendants and are readily identifiable through Defendants' records.

26.     Upon information and belief, Defendants suffered and permitted Plaintiffs and the
Collective Action Members to work more than forty hours per week without appropriate overtime
compensation.

27.     Upon information and belief, Defendants knew that Plaintiffs and the Collective
Action Members performed work that required overtime pay after forty (40) hours per work week.
Defendants have operated under a scheme to deprive these employees of appropriate overtime
compensation by failing to properly compensate them for all hours worked.

28.     Defendants' unlawful conduct has been widespread, repeated, and consistent.
Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused
significant damages to the Collective Action Members.

## CLASS ALLEGATIONS

29.     Plaintiffs also bring this action on behalf of themselves all similarly situated workers,
as a class action pursuant to Federal Rules of Civil Procedure 23 ("Fed. R. Civ. P. 23").  The claims
herein have been brought and may be properly maintained as a class action because there is a
well-defined community of interest in the litigation and the proposed Classes are easily
ascertainable.  This action also satisfies the predominance, typicality, numerosity, superiority, and

adequacy requirements of the Fed. R. Civ. P. 23 provisions.

30.     Plaintiffs propose four Classes of non-exempt employees during the applicable limitations period who were employed by Defendants:

(a)     Class of employees who were not provided with adequate meal and rest breaks as required by law ("Meal and Rest Period Class");

(b)     Class of employees who were not furnished with accurate wage statements ("Wage Statement Class");

(c)     Class of truck drivers and weighers who were not provided with reporting time wages as required by law ("Reporting Time Class"); and

(d)     Class of employees whose employment ended and were not paid all of their wages ("Waiting Time Penalties Class");

31.     There is a well-defined community of interest in the litigation and the classes are ascertainable:

(a)     Numerosity: Each Class is so numerous that the individual joinder of all members is impractical under the circumstances of this case. While the exact number of class members in each Class is unknown to Plaintiffs at this time, Plaintiffs are informed and believe and thereon allege that each Class has at least 45 members.

(b)     Common Questions Predominate:  Common questions of law and fact exist as to all members of each Plaintiff class and predominate over any questions that affect only individual members of each Class.  The common questions of law and fact include, but are not limited to:

(i)     Whether Defendants unlawfully failed to provide the Meal and Rest Period Class with meal and rest breaks required by law;

(ii)    Whether Defendants unlawfully failed to furnish the Wage Statement Class with proper accurate itemized wage statements;

(iii)   Whether Defendants failed to pay the Reporting Time Class on days they reported to work but were not furnished with at least four (4)

hours of work;

    (iv)    Whether Defendants failed to pay the Waiting Time Penalties Class for all their wages due;

    (v)    Whether Defendants violated Business & Professions Code section 17200, et seq. by their wage and hour practices, meal and rest break practices, furnishing of itemized wage statement practices, and lack of indemnification of business expenses practices; and,

    (vi)    Plaintiffs anticipate that Defendants' affirmative defenses will raise additional common issues of fact and law.

    (c)    Typicality: The named Plaintiffs' claims are typical of the claims of the Class members. Specifically, each Plaintiff's claims is typical of the claims of the Meal and Rest Period, Wage Statement, and Waiting Time Penalties Classes, and the claims of Plaintiffs Rodriguez, Valdez, and Banda are typical of the Reporting Time Class.

    (d)    Adequacy of Representation: Plaintiffs will fairly and adequately protect the interests of the members of each class.  Plaintiffs have no interest that is adverse to the interests of the other members of each Class.

    (e)    Superiority:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Because individual joinder of all members of each class is impractical, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender.  The expenses and burdens of individual litigation would make it difficult or impossible for individual members of each class to redress the wrongs done to them, while important public interests will be served by addressing the matter as a class action. The cost to and burden on the court system of adjudication of individualized litigation would be substantial, and substantially more than the costs and burdens of a class action.  Individualized litigation would also present the potential for inconsistent or

1    contradictory judgments.

2

3    **FIRST CAUSE OF ACTION**
     **ON BEHALF OF THE FLSA COLLECTIVE ACTION MEMBERS**
4    **(FAILURE TO PAY OVERTIME IN VIOLATION OF FLSA, 29 U.S.C. §§ 201,** *et seq.*
     **AGAINST ALL DEFENDANTS)**
5

6        32.    Plaintiffs hereby incorporate by reference all preceding paragraphs, as if fully set

7    forth.

8        33.    At all relevant times, Defendants have been, and continue to be, "employers" within

9    the meaning of the FLSA, 20 U.S.C. § 203.  At all relevant times, Defendants have employed and

10   continue to employ employees, including Plaintiffs and the Collective Action Members.  At all

11   relevant times, upon information and belief, Defendants have had gross operating revenues in

12   excess of $500,000.00.  Defendants are "employers" of Plaintiffs and the Collective Action

13   Members under the FLSA.

14       34.    The FLSA requires covered employers such as Defendants to compensate all non-

15   exempt employees at a rate of not less than one and one-half times the regular rate of pay for work

16   performed in excess of forty hours per work week.

17       35.    Despite the hours worked by Plaintiffs and the Collective Action Members,

18   Defendants failed and refused to pay them the appropriate overtime compensation for all the hours

19   worked in excess of forty.

20       36.    Defendants' conduct was willful, in bad faith, and in knowing violation of the FLSA,

21   and as such, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

22       37.    Plaintiffs, on behalf of themselves and the Collective Action Members, seek damages

23   in the amount of their respective unpaid overtime compensation, liquidated damages from three

24   years immediately preceding the filing of this action, plus interests and costs as allowed by law,

25   pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court

26   deems just and proper.

27       38.    Plaintiffs, on behalf of themselves and the Collective Action Members, seek recovery

28   of their attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. §

---

CLASS AND COLLECTIVE ACTION COMPLAINT

1    216(b).

2    **SECOND CAUSE OF ACTION**
3    **ON BEHALF OF THE MEAL AND REST PERIOD CLASS**
     **(FAILURE TO PROVIDE MEAL AND REST PERIODS IN VIOLATION OF LABOR**
4    **CODE SECTION 226.7 AGAINST ALL DEFENDANTS)**

5
         39.    Plaintiffs hereby incorporate by reference all preceding paragraphs, as if fully set
6    forth.

7          40.    At all times relevant to this Complaint, the California IWC Wage Orders and Code

8    of Regulations were in effect and binding on Defendants.  Applicable Wage Orders provide that all

9    employees shall "authorize and permit" employees to take rest periods, "which in so far as

10   practicable shall be in the middle of each work period. . . . The authorized rest period time shall be

11   based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours

12   or major fraction thereof . . . ."

13         41.    Under California law, an employer may not employ an employee for a work period

14   of more than five hours per day without providing the employee with a meal period of not less than

15   thirty minutes.   A second meal period of not less than thirty minutes is required if an employee

16   works more than ten hours per day.  Labor Code § 512.  Unless the employee is relieved of all duty

17   during his or her thirty minute meal period, the meal period shall be considered an "on duty" meal

18   period that is counted as hours worked which must be compensated at the employee's regular rate

19   of pay.

20         42.    At all times relevant to this Complaint, section 226.7 of the California Labor Code

21   was in effect and binding on Defendants:

22             226.7.  (a) No employer shall require any employee to work during any
               meal or rest period mandated by an applicable order of the Industrial
23             Welfare Commission.
                       (b) If an employer fails to provide an employee a meal period or
24             rest period in accordance with an applicable order of the Industrial Welfare
               Commission, the employer shall pay the employee one additional hour of
25             pay at the employee's regular rate of compensation for each work day that
               the meal or rest period is not provided.
26

27         43.    At all times herein mentioned Plaintiffs, as well as other Class Members, were non-
28

exempt employees and subject to the rest period provisions of the IWC Wage Orders and the California Labor Code.

44.      During Plaintiffs', as well as other Class Members' employment at Defendants, Defendants failed to provide Plaintiffs as well as other Class Members with meal and rest periods as required by law.

45.      Wages are due to Plaintiffs under IWC Wage Orders which provide that "[a]uthorized rest period time shall be counted as hours worked for which there shall be no deduction from wages." Thus, wages are due to Plaintiffs, as well as other Class Members, to compensate them for the rest periods that were denied under applicable laws, rules, requirements, and regulations.  Plaintiffs allege that one hour's worth of wages per violation are due to them, and other Class Members, for each four hour work period contained in each day of worked performed by Plaintiffs.  Similarly, Plaintiffs and other Class Members allege that one hour's wage per meal period violation are due to them, for each workday in which an adequate meal period was not provided to them.

46.      Plaintiffs are entitled to all the appropriate penalties for the wage and hour violations due under the IWC Wage Orders and Labor Code section 226.7.

### THIRD CAUSE OF ACTION
**ON BEHALF OF THE WAGE STATEMENT CLASS**
**(VIOLATION OF CALIFORNIA LABOR CODE SECTION 226(A) RESULTING IN LABOR CODE SECTION 226(e) PENALTIES AGAINST ALL DEFENDANTS)**

47.      Plaintiffs hereby incorporate by reference all preceding paragraphs, as if fully set forth.

48.      At all times relevant to this Complaint, California Labor Code section 226 was in effect and binding on Defendants. Labor Code section 226 provides that employers must provide itemized wage statements to their employees. Specifically, Labor Code section 226, subdivision (a), requires employers to semi-monthly or at the time each payment of wages is made, to furnish each hourly paid employee with a statement itemizing, inter alia, the gross wages earned by the employee and total hours worked:

---

CLASS AND COLLECTIVE ACTION COMPLAINT
11

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee . . . (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. . . .

49.    Labor Code section 226, subdivision (e), provides that if an employer knowingly and intentionally fails to provide a statement proper statement pursuant to Labor Code section 226, subdivision (a), then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

50.    Plaintiffs believe and thereon allege that Defendants knowingly and intentionally failed to furnish them, and other Class Members, with proper itemized written statements which contained proper wage itemization, i.e. the applicable hourly rate concerning all the overtime and hours worked that Plaintiffs worked during the scope of their employment. Plaintiffs further believe and thereon allege that Defendants knowingly and intentionally failed to furnish them, as well as other class members, with proper itemized written statements which contained the corresponding number of overtime hours and hours worked by Plaintiffs during the scope of their employment;

51.    Plaintiffs allege that as a result of Defendants' failure to furnish them with proper itemized wage statements, they are entitled to wages and penalty in the amount of $4,000.00 pursuant to Labor Code §226(e).

52.    Plaintiffs further demand reasonable attorney's fees, costs of suit, and interest pursuant to California Labor Code sections 218.5 and 218.6.

**FOURTH CAUSE OF ACTION**
**ON BEHALF OF THE REPORTING TIME CLASS**
**(FAILURE TO PAY FOR REPORTING TIME VIOLATIONS, IWC**
**WAGE ORDERS 4, 9, AND 14 AGAINST ALL DEFENDANTS AS TO**
**PLAINTIFFS RODRIGUEZ, VALDEZ, AND BANDA)**

53.     Plaintiffs hereby incorporate by reference all preceding paragraphs, as if fully set forth.

54.     Industrial Welfare Commission ("IWC") Wage Order No. 4-2001 governs technical, clerical, mechanical and similar occupations, IWC Wage Order No. 9-2001 governs the transportation industry, and IWC Wage Order No. 14-2001 governs the agricultural industry.  IWC Wage Orders No. 4, 9, and 14 regulating wages, hours, and working conditions is applicable to Plaintiffs and the Class they seek to represent, and to Defendants, as MJ Brothers is and was at all relevant times engaged in the transportation of agricultural products and items.

55.     Section 5 (A) of IWC Wage Orders 4, 9, and 14 provide as follows:

> Each workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage.

56.     Throughout the relevant time period, section 2(K) of IWC Wage Order 4, section 2(H) of IWC Wage Order 9, and section 2(G) of IWC Wage Order 14 have further provided that: "'Hours worked' means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

57.     By its failure to adequately compensate Plaintiffs and other members of the Reporting Time Class for reporting to work on days in which they were not selected for a shift, Defendants have violated and continue to violate the provisions of the applicable Wage Orders which require proper compensation for reporting time.

58.     By its failure to adequately compensate Plaintiffs and other members of the Reporting Time Class for reporting time on days in which they were selected for a shift, but were dismissed prior to being furnished with at least four (4) hours of work, Defendants have violated and continue to violate the provisions of the applicable Wage Orders which require proper compensation for reporting time.

59. As a result of Defendants' unlawful acts, Plaintiffs and putative Class Members have been deprived of wages and reporting time pay in an amount to be determined at trial.

60. Plaintiffs, on behalf of themselves and the putative Class, request relief as described below.

### FIFTH CAUSE OF ACTION
### ON BEHALF OF THE WAITING TIME PENALTIES CLASS
### (FAILURE TO PAY ALL WAGES DUE UPON DISCHARGE, LABOR CODE §§ 201, 202 AND 203 AGAINST ALL DEFENDANTS AS TO ALL PLAINTIFFS)

61. Plaintiffs hereby incorporate by reference all preceding paragraphs, as if fully set forth.

62. Plaintiffs and other members of the Waiting Time Penalties Class were discharged or resigned within the meaning of Labor Code §§ 201or 202 by Defendants on their respective termination dates in 2016 and 2017, but were not paid all their wages due in accordance with Labor Code §§ 201 or 202.

63. As a result of Defendants' willful failure to pay Plaintiffs and Class Members all wages due in accordance with Labor Code §§ 201 and 202, Plaintiffs and Class Members are entitled to waiting time penalties pursuant to Labor Code § 203, in an amount to be proven at trial.

### SIXTH CAUSE OF ACTION
### ON BEHALF OF ALL CLASSES
### (UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 *et seq.* AGAINST ALL DEFENDANTS)

64. Plaintiffs hereby incorporate by reference all preceding paragraphs, as if fully set forth.

65. Defendants' conduct occurred during the four year period preceding the filing of this action. Defendants' conduct, alleged herein, constitutes an unlawful business practices in violation of Business and Professions Code §17200, *et seq.* These unfair business practices include violations of Labor Code and the Federal Labor Standards Act, including but not limited to: failure to pay all overtime wages; failure to pay a proper wage for all meal and rest periods which were not provided; failure to furnish Plaintiffs with correct itemized wage statements; and failure to timely pay all wages and money due at the time of separation of employment to Plaintiffs, and

other Class Members.

66.     Pursuant to Business and Professions Code § 17200, *et seq*., Plaintiffs and other Class Members are entitled to restitution of the portion of the money due by Defendants for their failure to pay all overtime wages; failure to pay a proper wages for all meal and rest periods which were not provided; failure to furnish Plaintiffs with correct itemized wage statements; and failure to timely pay all wages and money due at the time of separation of employment to Plaintiffs, and other Class Members, during a period that commences four years prior to the filing of this action and continues at least through the date judgment is entered in this action, and a preliminary and permanent injunction requiring Defendants to refrain from continuing these violations.

## SEVENTH CAUSE OF ACTION
## (CIVIL PENALTIES FOR VIOLATIONS OF LABOR CODE §§ 201, 202, 203, 226, 226.7, AND 512 AGAINST ALL DEFENDANTS)

67.     Plaintiffs hereby incorporate by reference all preceding paragraphs, as if fully set forth.

68.     During the period beginning one year preceding the filing of the complaint in this action (the "Civil Penalty Period"), Defendants violated Labor Code Sections 201, 202, 203, 226, 226.7, and 512.

69.     Labor Code Sections 2699(a) and (g) authorize an aggrieved employee, on behalf of himself and other current or former employees, to bring a civil action to recover civil penalties pursuant to the procedures specified in Labor Code Section 2699.3.

70.     Plaintiffs and Class members are "aggrieved employees" because they were employed by Defendants and had one or more of the alleged violations committed against them.

71.     Plaintiffs have finalized the process of meeting the jurisdictional requirements to proceed with their claims for civil penalties under the Labor Code Private Attorney's General Act ("PAGA"), codified at California Labor Code, Section 2698, *et seq*. by timely giving written notice to Defendants and the Labor and Workforce Development Agency (LWDA). (See Lab. Code § 2699.3(a)(1).) As of this date, Plaintiffs' counsel have not received notification from the

LWDA that it does not intend to investigate the alleged violations, and therefore Plaintiffs are entitled to prosecute their PAGA claims.

72.    Pursuant to Labor Code Sections 2699(a) and (f), Plaintiffs are entitled to recover civil penalties for Defendants' violations of Labor Code Sections 201, 202, 203, 226, 226.7, and 512 in the following amounts:

(a)    For violation of Labor Code Section 226.7, one hundred dollars ($100) for each underpaid employee for each pay period the employee was underpaid, and two hundred dollars ($200) for each subsequent violation for each underpaid employee for each  pay period [penalty amounts established by Labor Code Section 2699(f)(2)].

(b)    For violation of Labor Code Section 226, two hundred fifty dollars ($250) for each employee per pay period for the initial violation and one thousand dollars ($1,000) per employee in a subsequent violation [penalty amounts established by Labor Code Section 226.3].

(c)    For violation of Labor Code section 201, 202, and 203 one hundred dollars ($100) for each underpaid employee for each pay period the employee was underpaid, and two hundred dollars ($200) for each subsequent violation for each underpaid employee for each  pay period [penalty amounts established by Labor Code Section 2699(f)(2)].

73.    Plaintiffs further demand reasonable attorney's fees, costs of suit, and interest pursuant to California Labor Code §§ 2699(g)(1).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that Judgment be entered in their favor and against Defendants, as follows:

A.    Such general, special, compensatory and liquidated damages as may be appropriate, including all damages alleged above;

B.    Unpaid wages, including unpaid meal and rest period premiums, to Plaintiffs and to each class member in the amount of such underpayment;

C.    The amounts provided for in FLSA, 29 U.S.C. § 216(b), including unpaid overtime

1    compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees and

2    costs of the action;

3        D.    The amounts provided for in IWC Wage Orders 4, 9, and 14, Labor Code Sections

4    226(e), 226.7, and other Labor Codes as set forth in this Complaint;

5        E.    Restitution as described in the claim for relief under Business and Professions Code

6    Sections 17200, *et seq.*;

7        F.    Permanent injunctive and declaratory relief described in the claim for relief under

8    Business & Professions Code Section 17200, *et  seq.*;

9        G.    That the Court impose all civil penalties provided by law, including but not limited

10   to civil penalties under the PAGA for violations of California Labor Code §§ 201, 202, 203, 226,

11   226.7,  and 512;

12       H.    Pre-judgment interest;

13       I.    Costs of suit and attorneys' fees; and

14       J.    Such other relief as the Court deems just and proper.

15

16   Dated:  February 16, 2018              LAW OFFICES OF JOHN E. HILL

17

18                                          By:  _____

19                                               Enrique Martínez
                                                 *Attorneys for Plaintiffs*

20

21               **DEMAND FOR TRIAL BY JURY**

22        Plaintiffs hereby demand trial by jury on all issues so triable.

23

24   Dated:  February 16, 2018              LAW OFFICES OF JOHN E. HILL

25

26                                          By:  _____

27                                               Enrique Martínez
                                                 *Attorneys for Plaintiffs*

28

---

CLASS AND COLLECTIVE ACTION COMPLAINT

17